# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

NURI SERMON,                          )
                                      )
    Petitioner,              )
                                      )
v.                                    )          **Case No. 13-cv-02808**
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Respondent.              )

## ORDER

Before the Court are six motions. First, on October 20, 2014, Petitioner Nuri Sermon filed an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 9 ("§ 2255 Mot.").) The Government has not filed a response to the § 2255 Motion.[1]

Second, on June 20, 2016, Sermon filed a Motion of Defendant Requesting Appointment of Counsel Pursuant to Title 18 [U.S.C.] § 3006(A) in Light of Recent Supreme Court Decision Johnson v. United States (U.S. 2015). (ECF No. 10 ("First Mot. for Counsel").) Sermon refers to Johnson v. United States, 135

---

[1] The Court did not order the Government to specifically respond to the § 2255 Motion. Rules Governing Section 2255 Proceedings for the U.S. District Courts at Rule 5(a) ("§ 2255 Rules") (stating that respondent "is not required to answer [a § 2255 motion] unless a judge so orders").

S. Ct. 2551 (2015). The Government did not respond to the First Motion for Counsel, and the deadline for doing so has passed. L.R. 7.2(a)(2).

Third, on June 20, 2016, Sermon filed a motion seeking to amend the § 2255 Motion. (Mot. Seeking to Amend Johnson v. United States, 135 S. Ct. 2551 (2015), and the Retroactivity of Welch v. United States, [136 S. Ct. 1257] (2016) on Collateral Review of 18 U.S.C. §§ 922(g) & 924(e)(B)(ii) of the Armed Career Criminal Act, to My Existing § 2255 Mot., ECF No. 11 ("Mot. to Amend").) The Government filed a response to the Motion to Amend, effectively a response to Sermon's Johnson arguments, on October 7, 2016. (Resp. of U.S. in Opp'n to Def.'s § 2255 Mot., ECF No. 15 ("Johnson Resp.").) In filings on October 26, 2016, and November 4, 2016, Sermon argues in support of the Motion to Amend based on Johnson. (Pet'r's Amendment Pursuant to Fed. R. Civ. P. 12 and 15(a), ECF No. 18 ("Sermon Amendment"); Resp. of Pet'r in Opp'n to the U.S. Recommendation of [Defendant's] § 2255 Motion on Johnson Review, ECF No. 19 ("Sermon Reply").)[2]

Fourth, on October 26, 2016, Sermon filed a Motion to Request an Extension of Time in Responding to Government's

---

[2] Sermon also wrote a letter to the Court largely duplicative of material in the Sermon Amendment. (See generally Letter from Nuri Sermon, ECF No. 20.)

Opposition of § 2255 Motion. (ECF No. 16 ("Mot. for Extension of Time").) The Government did not respond to the Motion for Extension of Time, and the deadline for doing so has passed. L.R. 7.2(a)(2).

Fifth, on October 26, 2016, Sermon filed a Motion to Request Permission to Amend/Supplement Pursuant to Federal Rules of Civil Procedure 12 and 15(a). (ECF No. 17 ("Second Mot. to Amend").) The Government did not respond to the Second Motion to Amend, and the deadline for doing so has passed. L.R. 7.2(a)(2).

Sixth, the Sermon Reply contains a request that the Court "re-appoint counsel" for Sermon "with regard to Johnson." (Sermon Reply 1.) The Court will refer to that request as the "Second Motion for Counsel."

For the following reasons, the First Motion for Counsel and Second Motion for Counsel are DENIED, the First Motion to Amend and Second Motion to Amend are GRANTED, the Motion for Extension of Time is GRANTED, and the § 2255 Motion is DENIED.

## I. BACKGROUND

### A. Case No. 09-20395

On September 29, 2009, a federal grand jury returned a one-count indictment against Sermon. (Indictment, ECF No. 1 in 09-

20395.)[3]  Count 1 charged Sermon, a convicted felon, with possessing a semiautomatic pistol on or about June 29, 2007, in violation of 18 U.S.C. § 922(g).  (Id.)  On October 25, 2011, Sermon entered into a plea agreement with the Government in which he agreed to plead guilty to Count 1.  (Plea Agreement 1, ECF No. 104 in 09-20395 ("Plea Agreement").)  Following a plea colloquy, the Court accepted Sermon's plea.  (Order on Change of Plea, ECF No. 105 in 09-20395.)

On December 19, 2011, the U.S. Probation Office submitted a Presentence Investigation Report ("PSR").  (PSR in 09-20395.) The PSR calculated Sermon's guidelines-sentencing range using the 2011 edition of the U.S. Sentencing Guidelines Manual ("U.S.S.G.").  (Id. ¶ 12.)

Sermon's base offense level was 20.  (Id. ¶ 13.)  The PSR recommended a two-level increase pursuant to § 2K2.1(b)(4)(A) because the pistol Sermon possessed had been stolen.  (Id. ¶¶ 6, 14.)  Sermon's adjusted offense level was 22.  (Id. ¶ 18.)

The PSR also recommended that Sermon be classified as an armed career criminal under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e).  (Id. ¶ 19.)  The PSR identified five prior convictions supporting that enhancement.  First, on October 3, 1983, the Shelby County Criminal Court sentenced

---

[3] References to "09-20395" are to filings in United States v. Sermon, Case No. 09-20395-SHM-cgc (W.D. Tenn.).

4

Sermon to five years in prison for robbery. (Id. ¶ 27.)
Second, on May 6, 1986, the Shelby County Criminal Court
sentenced Sermon to 35 years in prison on each of seven
convictions,[4] four of which were for robbery with a deadly
weapon.[5] (Id. ¶ 30.) Based on his armed-career-criminal
designation, Sermon's total offense level was 33. (Id. ¶¶ 19,
21; see U.S.S.G. § 4B1.4(b)(3)(B).)

Sermon's criminal-history category was Category V. (PSR
¶ 37.) His recommended guidelines range was 210 to 262 months.
(Id. ¶ 72; see U.S.S.G. ch. 5 pt. A.) As an armed career
criminal, Sermon's statutory minimum sentence was 180 months.
18 U.S.C. § 924(e).

Sermon was sentenced on March 23, 2012. His only
objection to the guidelines calculations was that he should
receive an adjustment for acceptance of responsibility.
(Position of Def. with Respect to Sentencing Factors ¶ 5, ECF
No. 111 in 09-20395 ("Def. Resp. to PSR").) The Court sustained

---

[4] The Shelby County Criminal Court sentenced Sermon to serve the
35-year terms concurrently. (PSR ¶ 30.)

[5] The seven convictions on May 6, 1986, included two additional
counts of robbery with a deadly weapon and one count of
"[a]ssault to [c]ommit [m]urder, 1st degree." (Id.) The
Government states that these offenses "were not counted
separately as predicate offenses [for ACCA purposes] because
they were not 'separate and distinct'" from Sermon's robbery
with a deadly weapon on January 8, 1986. (Johnson Resp. 2 n.1
(citing United States v. Pedigo, 879 F.2d 1315, 1317 (6th Cir.
1989).)

that objection and determined that a two-level adjustment for acceptance of responsibility was warranted. (Tr. of Sentencing Hr'g 12, ECF No. 116 in 09-20395 ("Sentencing Tr.").) The resulting total offense level was 31. (Id. at 13.) The resulting guidelines range was 168 to 210 months. (Id.; see U.S.S.G. ch. 5 pt. A.) The Court sentenced Sermon to 180 months of incarceration. (Sentencing Tr. 28; J. in Criminal Case 2-3, ECF No. 113 in 09-20395.)

On April 2, 2012, Sermon filed a Notice of Appeal. (ECF No. 115 in 09-20395.) On February 8, 2013, before the parties had filed briefs, Sermon filed a motion to withdraw his appeal. (Def./Appellant's Mot. to Withdraw Appeal, ECF No. 32 in 12-5362.[6]) The Sixth Circuit granted the motion on February 12, 2013. (Order, ECF No. 33 in 12-5362 ("Sixth Circuit Dismissal Order").)

### B. Case No. 13-02808

On October 16, 2013, Sermon filed his original § 2255 Motion. (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1.) On July 3, 2014, the Court entered an Order Directing Movant to File an Amended § 2255 Motion. (ECF No. 5.) The order noted that Sermon had filed "an identical copy of his § 2255 Motion,

---

[6] References to "12-5362" are to filings in United States v. Sermon, Case No. 12-5362 (6th Cir.).

6

with a different set of exhibits," to challenge his conviction on a separate matter. (Id. at 1.) The Court ordered Sermon to file an amended § 2255 motion "address[ing] only [his] conviction in Case Number 09-20395." (Id. at 2.) On November 17, 2014, Sermon filed the present § 2255 Motion.

On June 26, 2015, the U.S. Supreme Court decided Johnson.

On June 20, 2016, Sermon filed the Motion to Amend and the First Motion for Counsel. On June 24, 2016, the Court entered an Order Appointing Counsel Pursuant to the Criminal Justice Act. (ECF No. 151 in 09-20395 ("Order Appointing Counsel").) The Court appointed Christopher Sullivan "[f]or purposes of a Johnson review." (Id.) On July 2, 2016, Sullivan filed a Notice of Johnson Review. (ECF No. 152 in 09-20395.) Sullivan stated that he had completed his review and that he "[would] not be filing anything on behalf of Mr. Sermon pursuant to Johnson[.]" (Id.)

On October 6, 2016, the Court entered an Order Directing United States to Respond. (ECF No. 13 ("Order Directing Gov't Resp.").) The order directed the Government to respond to the Motion to Amend, which contained Sermon's Johnson challenge, within seven days. (Id.) The Government filed its response on October 7, 2016. (Johnson Resp.)

On October 26, 2016, Sermon filed the Motion for Extension of Time, the Second Motion to Amend, and the Sermon Amendment. On November 4, 2016, Sermon filed the Sermon Reply.

## II. SUBSIDIARY MOTIONS

### A. Motions for Counsel

Clemons has filed two motions requesting counsel. The First Motion for Counsel was filed on June 20, 2016. The Court appointed counsel on June 24, 2016. The First Motion for Counsel is DENIED as moot.

The Second Motion for Counsel, filed after Sermon's prior Johnson counsel filed a Notice of Johnson Review, asks the Court to "re-appoint counsel to . . . review [Sermon's] existing § 2255 motion, with regard to Johnson." (Sermon Reply 1.) The Government has taken no position on this request.

There is no constitutional right to counsel in § 2255 proceedings. See, e.g., Brown v. United States, 20 F. App'x 373, 375 (6th Cir. 2001) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)); Keathley v. United States, No. CR 04-80335, 2016 WL 7242135, at *2 (E.D. Mich. Dec. 15, 2016) (citing Finley and Brown). The Court has broad discretion in deciding whether to appoint counsel. See, e.g., Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice

or due process so require." Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); see also 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2255 who are financially eligible when the court determines "that the interests of justice so require").

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); see also, e.g., Caldwell v. United States, No. CR 08-10029-JDB, 2014 WL 1415137, at *4 (W.D. Tenn. Apr. 14, 2014) (quoting and applying Hoggard).[7]

Sermon has not demonstrated that appointing counsel at this time is required by the interests of justice or by due process. Appointed counsel has already considered Sermon's Johnson claims. Sermon disagrees with his counsel's conclusion, but that does not require appointment of new counsel. The Court can assess the merits of Sermon's Johnson claim. The Second Motion for Counsel is DENIED.

---

[7] The appointment of counsel is mandatory when an evidentiary hearing is required. Section 2255 Rules at Rule 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed . . . ."). The Court can resolve the present § 2255 Motion without an evidentiary hearing.

## B.  Motions to Amend

The gravamen of Sermon's First and Second Motions to Amend is that the Court should amend the § 2255 Motion to add a third ground: that Sermon merits relief from his sentence based on Johnson.  (See Mot. to Amend; Second Mot. to Amend.)  The Government does not argue that the Court should deny the Motions to Amend.  It simply addresses the Johnson argument on its merits.  (See Johnson Resp.)

Rule 15 governs amendments to § 2255 petitions.[8]  See, e.g., Oleson v. United States, 27 F. App'x 566, 568–69 (6th Cir. 2001); see also 28 U.S.C. § 2242 ¶ 3 (stating that an application for a habeas writ "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").  Because Sermon's Motions to Amend are not made "during [or] after trial," Rule 15(a) applies.

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" under circumstances that do not apply here.  Under Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires."

---

[8]  References to "Rule __" are to the Federal Rules of Civil Procedure.

In determining the interests of justice, "courts consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" Oleson, 27 F. App'x at 569 (quoting Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998)). "Furthermore, courts have interpreted the language in Rule 15(a) as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" Id. (quoting Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987)).

After considering the relevant factors, the Court GRANTS the First Motion to Amend and Second Motion to Amend to the extent they ask the Court to consider Sermon's Johnson argument. The Court will consider that argument on its merits.

## C.    Motion for Extension of Time

Sermon's Motion for Extension of Time seeks an extension of his deadline for filing a reply in support of the § 2255 Motion. Sermon filed the Motion for Extension of Time after the deadline for filing a reply.[9]   Rule 6(b)(1)(B) governs the motion.   Rule

---

[9] The Order Directing Government Response ordered the Government to file its response within seven days of the Order. (Order Directing Gov't Resp. 1.)  The Government's deadline was October 12, 2016.  The Government filed its Response on October 7, 2016. The Order Directing Government Response stated that Sermon "may

6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

"'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept.'" <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.</u>, 507 U.S. 380, 392 (1993) (quoting 4A Charles Alan Wright & Arthur Miller, <u>Federal Practice and Procedure</u> § 1165 at 479 (2d ed. 1987)). Determining whether a party's neglect is excusable "is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission." <u>Id.</u> at 395 (footnote omitted). A court making an excusable-neglect determination should balance five "principal" factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." <u>Nafziger v. McDermott Int'l Inc.</u>, 467 F.3d 514, 522 (6th Cir. 2006) (citing <u>Pioneer Inv. Servs.</u>, 507 U.S. at 395).

---

file a reply within seven (7) days after the filing of the United States' response." (<u>Id.</u>) Sermon's deadline to file a reply was October 14, 2016, well before he filed the Motion for Extension of Time.

After considering these factors, the Court finds that Sermon's failure to file the Motion for Extension of Time by the deadline was due to excusable neglect. The Government will not be prejudiced if the Court considers Sermon's materials. Granting the Motion for Extension of Time causes no delay and will not negatively affect these proceedings. Under the circumstances, the Court accepts that Sermon requested the extension in good faith. Based on its excusable-neglect finding, the Court finds good cause for Sermon's requested extension of time.

The Motion for Extension of Time is GRANTED. The Court will consider the <u>Johnson</u>-related material in the Sermon Amendment and the Sermon Reply in deciding Sermon's request for relief under <u>Johnson</u>.

**III. LEGAL STANDARDS**

    **A.    Section 2255 Motions**

Sermon seeks relief under 28 U.S.C. § 2255. (§ 2255 Mot.) Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

13

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" McPhearson v. United States, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After a petitioner files a § 2255 motion, the Court reviews it and, "[i]f it plainly appears from the motion, any attached

14

exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Section 2255 Rules at Rule 4(b). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." <u>Id.</u> The § 2255 movant is entitled to reply to the government's response. <u>Id.</u> at Rule 5(d). The Court may also direct the parties to provide additional information relating to the motion. <u>Id.</u> at Rule 7(a). If the district judge addressing the § 2255 motion is the same judge who oversaw the trial, the judge "'may rely on his or her recollection of the trial'" in denying the motion. <u>Christopher v. United States</u>, 605 F. App'x 533, 537 (6th Cir. 2015) (quoting <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999)).

## B. ACCA's "Violent Felony" Framework

Sermon's § 2255 Motion, as supplemented, challenges the Court's finding that he was an armed career criminal under the ACCA. The ACCA provides that a defendant convicted under 18 U.S.C. § 922(g) who has three previous convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 180 months' imprisonment. 18 U.S.C. § 924(e)(1). A defendant convicted under § 922(g) who is not an

armed career criminal is subject to a statutory maximum sentence of 120 months' imprisonment.  Id. § 924(a)(2).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause"); or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  Id. § 924(e)(2)(B).

In Johnson, the Supreme Court held that imposing an enhanced sentence under the ACCA's residual clause violates due process because the residual clause is unconstitutionally vague. 135 S. Ct. at 2563.  In Welch v. United States, the Supreme Court held that Johnson applies retroactively to ACCA cases on collateral review.  136 S. Ct. at 1268.

Johnson did not call into question sentencing enhancements under the ACCA's use-of-force clause or enumerated-offenses clause.  135 S. Ct. at 2563.  "The government accordingly cannot enhance [a defendant's] sentence based on a prior conviction that constitutes a violent felony pursuant only to the residual clause."  United States v. Priddy, 808 F.3d 676, 683 (6th Cir. 2015).  "But a defendant can still receive an ACCA-enhanced

sentence based on the statute's use-of-force clause or enumerated-offense[s] clause." Id.

"When determining which crimes fall within . . . the 'violent felony' provision . . . , federal courts use the 'categorical approach.'" United States v. Covington, 738 F.3d 759, 762 (6th Cir. 2013) (quotation marks omitted).[10] Under that approach, courts "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990).

"[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA." Covington, 738 F.3d at 763. "First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" Id. (quoting Descamps v. United States, 133 S. Ct. 2276, 2293 (2013)). "[A] divisible statute, listing potential offense elements in the alternative, renders opaque which

---

[10] Covington addresses the definition of "crime of violence" under the United States Sentencing Guidelines ("U.S.S.G."). Its reasoning also applies to ACCA cases because, "[w]hether a conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction is a 'crime of violence' under [U.S.S.G.] § 4B1.2(a)." United States v. McMurray, 653 F.3d 367, 371 n.1 (6th Cir. 2011).

element played a part in the defendant's conviction." <u>Descamps</u>, 133 S. Ct. at 2283.

If a statute is divisible, meaning that it "comprises multiple, alternative versions of the crime," a court uses a "modified categorical approach" and may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." <u>Id.</u> at 2283-84.[11]  "[T]hese so-called <u>Shepard</u> documents may include the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" <u>United States v. Denson</u>, 728 F.3d 603, 608 (6th Cir. 2013) (quoting <u>Shepard v. United States</u>, 544 U.S. 13, 16 (2005)).  "'[T]he question is whether the court documents establish that the defendant "necessarily admitted" the elements of a predicate

---

[11] In <u>United States v. Mitchell</u>, the Sixth Circuit explained that "[a] divisible statute is necessary but not sufficient for application of the modified categorical approach."  743 F.3d 1054, 1063 (6th Cir. 2014).  "We make explicit a step in the analysis that the <u>Covington</u> panel alluded to implicitly: if a statute is divisible -- in that it sets out one or more elements of the offense in the alternative -- at least one, but not all of those alternative elements must depart from: (1) the elements of the generic ACCA crime (if the conviction is based on an enumerated offense); or (2) the definitions provided in . . . the 'use of physical force' clause . . . (if the conviction is based on a non-enumerated offense)."  <u>Id.</u> at 1065.  These comments in <u>Mitchell</u> appear to be dicta, but the Court need not decide for purposes of this case whether this portion of the discussion in <u>Mitchell</u> controls.  As discussed in Section IV.D below, Sermon's convictions are categorically violent felonies.

offense through his plea.'" McMurray, 653 F.3d at 377 (quoting United States v. Medina-Almaguer, 559 F.3d 420, 423 (6th Cir. 2009)).

The Supreme Court has clarified that a court should use the modified categorical approach only when a statute "lists multiple elements disjunctively," not when it "enumerates various factual means of committing a single element." Mathis v. United States, 136 S. Ct. 2243, 2249, 2256 (2016). A "court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." Id. at 2256. It can do so by examining state law to determine (a) whether "a state court decision definitively answers the question," or (b) whether "the statute on its face . . . resolve[s] the issue." Id. Alternatively listed items are elements where they "carry different punishments" or where the statute "itself identif[ies]" them as "things [that] must be charged," but they are means where the "statutory list is drafted to offer 'illustrative examples'" only. Id. "[I]f state law fails to provide clear answers," a court may take "a peek at the record documents" of the prior conviction "for the sole and limited purpose of determining whether the listed items are elements of the offense." Id. (alterations omitted) (quotation marks omitted). If the listed items are "means, the court has no call

to decide which of the statutory alternatives was at issue in the earlier prosecution." Id.

After having determined which of a statute's alternative elements formed the basis of the defendant's prior conviction, or after having determined that the statute is indivisible, the second step in applying the categorical approach is "whether the offense the statute describes, as a category, is a [violent felony]." Covington, 738 F.3d at 763. "When determining whether a particular offense qualifies as a 'violent felony' under the use-of-force clause, [a court is] limited to determining whether that offense 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" Priddy, 808 F.3d at 685 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). "The force involved must be 'violent force -- that is, force capable of causing physical pain or injury to another person.'" Id. (quoting Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson 2010")). "If the offense 'sweeps more broadly' and 'criminalizes a broader swath of conduct' than [would] meet th[is] test[], then the offense, as a category, is not a [violent felony]." Covington, 738 F.3d at 764 (quoting Descamps, 133 S. Ct. at 2281, 2283, 2289-91).

## IV. ANALYSIS

### A. Timeliness of § 2255 Motion

The Court entered judgment in Sermon's case on March 23, 2012. (J. in a Criminal Case, ECF No. 113 in 09-20395.) Sermon filed a Notice of Appeal. On February 12, 2013, the Sixth Circuit granted his motion to withdraw his appeal. (Sixth Circuit Dismissal Order.) At least two district-court decisions in this circuit suggest that, in such circumstances, a petitioner's conviction became final on the date the appeal was voluntarily dismissed. United States v. Goward, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010) (citing United States v. Sylvester, 258 F. App'x 411, 412 (3d Cir. 2007); see also United States v. May, No. CR 09-20482, 2015 WL 5692736, at *2 (E.D. Mich. Sept. 25, 2015) (citing Goward).

Under this rule, Sermon's conviction in Case No. 09-20395 became final on February 12, 2013, the date on which the Sixth Circuit granted Sermon's motion to voluntarily dismiss his appeal. Sermon filed his original § 2255 motion on October 16, 2013, within one year of the date Sermon's conviction became final. The § 2255 Motion is timely.

Sermon first raised his Johnson argument in the First Motion for Counsel and the Motion to Amend, both filed on June 20, 2016. Section 2255(f) "governs the timeliness of later-filed amendments." Reese v. United States, No. 2:13-CV-82-JRG,

2016 WL 1050719, at *2 (E.D. Tenn. Mar. 16, 2016); see also Oleson, 27 F. App'x at 570-71.

Under § 2255(f)(3), Sermon's Johnson argument would be timely if raised within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[12] Johnson was decided on June 26, 2015. Sermon raised his Johnson argument within one year of that date. His Johnson argument is timely.

### B. Ground One

Ground One of the § 2255 Motion is captioned, "Fourth Amendment Violation Claim of Illegal Stop, Search, and Seizure." (§ 2255 Mot. at PageID 153.) Ground One addresses the search during which Memphis police officers found the gun Sermon was convicted of possessing. (Id.) Sermon argues that this search was unconstitutional under the Fourth Amendment. (Id. at PageID 153-56.)

The Sixth Circuit has addressed the appropriateness of Fourth Amendment claims in § 2255 proceedings:

> As the Supreme Court has explained, the Fourth Amendment exclusionary rule "is a

---

[12] As noted above, the Supreme Court has held that Johnson is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268.

judicially created remedy rather than a personal constitutional right" whose purpose is "to safeguard Fourth Amendment rights generally through its deterrent effect." It is, thus, a structural remedy designed to exclude evidence so as to deter police misconduct, not to "redress the injury to the privacy of the victim of the search or seizure." Given its character, the Supreme Court has concluded that consideration of the exclusionary rule has "minimal utility . . . when sought to be applied to Fourth Amendment claims in a habeas corpus proceeding." For these reasons, the Court in [Stone v. Powell, 428 U.S. 465 (1976)] concluded "that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." We see no reasoned basis to distinguish between § 2254 and § 2255 when applying the Supreme Court's holding in Stone.

Ray v. United States, 721 F.3d 758, 762 (6th Cir. 2013) (ellipses in original) (citations omitted). Under Ray, Sermon is not entitled to relief on Ground One unless he can show he was denied an opportunity for full and fair litigation of his Fourth Amendment argument at trial and on direct review.

Sermon makes no such showing and cannot plausibly do so. Sermon's counsel filed a motion to suppress in Case No. 09-20395 that raised essentially the same arguments in Ground One. (Compare Mot. to Suppress Evidence, ECF No. 38 in 09-20395 ("Mot. to Suppress") with § 2255 Mot. at PageID 153-56.) The parties briefed the Motion to Suppress, and the Magistrate Judge

23

held an evidentiary hearing on October 27, 2010. (Minute Entry, ECF No. 52 in 09-20395.) On March 28, 2011, the Magistrate Judge issued a report and recommendations in which she recommended that the Court grant the Motion to Suppress. (R. & R. on Mot. to Suppress, ECF No. 71 in 09-20395.)

The Government filed objections to the Magistrate Judge's report, and Sermon filed a response. (Gov't's Objs. to R. & R., ECF No. 73 in 09-20395; Def.'s Resp. to U.S. Objs. to U.S. Magistrate Ct.'s R. & R. on Def.'s Mot. to Suppress, ECF No. 79 in 09-20395.) The Court held a second hearing on the Motion to Suppress on July 21, 2011. (Minute Entry, ECF No. 87 in 09-20395.) After that hearing, the Government and Sermon submitted additional briefing on the Motion to Suppress. (Mem. and Authorities in Supp. of the Ct. Denying Def.'s Mot. to Suppress, ECF No. 89 in 09-20395; Def.'s Mem. and Authorities in Supp. of the Ct. Granting His Mot. to Suppress, ECF No. 90 in 09-20395.) On August 30, 2011, the Court issued its Order Denying Defendant's Motion to Suppress. (ECF No. 91 in 09-20395.)

As part of his plea agreement, Sermon specifically reserved the right to "have an appellate court review" the Court's denial of the Motion to Suppress. (Plea Agreement 1.) As discussed above, however, Sermon voluntarily withdrew his appeal before briefing. In fact, Sermon withdrew his appeal as a condition of his plea agreement in a second federal criminal proceeding. The

plea agreement in the second proceeding provided that Sermon "knowingly, voluntarily, and intelligently agrees to dismiss his pending appeal before the [Sixth Circuit] originating from District Court Case No. 09-cr-20395 and found at Court of Appeals Docket No. 12-5362. . . . [That waiver, inter alia, is] made in exchange for the concessions made by the United States in this Plea Agreement." (Plea Agreement 4, United States v. Sermon, Case No. 12-20156 (W.D. Tenn. Oct. 3, 2012) ("Plea Agreement in 12-20156").)

Sermon was not denied an opportunity for full and fair litigation of his Fourth Amendment argument at trial or on appeal. His argument was litigated repeatedly, and it was Sermon's choice not to proceed with Sixth Circuit review.

The § 2255 Motion is DENIED as to Ground One.

### C. Ground Two

Ground Two of the § 2255 Motion is captioned, "Prosecutorial Misconduct." (§ 2255 Mot. at PageID 157.) The gravamen of Ground Two is that the prosecutor handling Sermon's criminal case suborned perjury as part of the prosecutor's efforts to defeat the Motion to Suppress, particularly at the second hearing on that motion. (Id. at PageID 157–59.)

Sermon has waived this argument. He withdrew the appeal of his conviction in Case No. 09-20395 as part of his plea agreement in a separate criminal prosecution. In that plea

agreement, Sermon agreed that "with regards to . . . Case No. [09-20395], [Sermon] affirms that . . . his convictions are not the product of any misconduct on the part of the United States . . . ." (Plea Agreement in 12-20156 at 4.) Given that waiver, Sermon cannot raise Ground Two.

Even if Sermon had not waived his argument on Ground Two, his argument would lack merit. A district court in this district has stated the relevant standards:

> "Prosecutorial misconduct must be so egregious as to deny a petitioner a fundamentally fair trial before collateral relief becomes available." "In order to obtain relief on a claim of prosecutorial misconduct, a petitioner must demonstrate that the prosecution's conduct was both improper and so flagrant as to warrant reversal." In the particular context of false testimony, "due process is denied where the state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured." . . . The Sixth Circuit has described this kind of misconduct as a species of the Brady doctrine. In order to make out a claim of prosecutorial misconduct, [petitioner] must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false.

Johnson v. United States, No. 13-2219-STA-TMP, 2016 WL 4126651, at *9 (W.D. Tenn. Aug. 2, 2016) (footnotes and citations omitted).

The Court assumes, without deciding, that the various statements at the second motion-to-suppress hearing about which Sermon complains were material. Even so, Sermon has not demonstrated that statements made at the second motion-to-suppress hearing were false, or that the prosecutor knew they were false. Sermon makes conclusory assertions. (§ 2255 Mot. at PageID 157–59.) That is insufficient.

The § 2255 Motion is DENIED as to Ground Two.

### D. **Johnson** Argument

Sermon's five prior convictions, four for robbery with a deadly weapon and one for robbery, are based on conduct between February 1983 and January 1986. (PSR ¶¶ 27, 30.) During that time, the same Tennessee statute, Tenn. Code Ann. § 39-2-501(a), addressed both robbery and robbery with a deadly weapon.[13] Section 39-2-501(a) read in relevant part:

> Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be

---

[13] The PSR does not identify the statute that governed Sermon's prior convictions. The Government represents that section 39-2-501(a) is the relevant statute, and the text of that statute is applicable. (See § 2255 Resp. 4; Tenn. Code Ann. § 39-2-501(a).) Sermon does not deny that his prior convictions were governed by section 39-2-501(a).

> death by electrocution, or the jury may
> commute the punishment to imprisonment for
> life or for any period of time not less than
> ten (10) years.

Tenn. Code Ann. § 39-2-501(a) (LEXIS through 1981 legislation) (repealed 1989).

Sermon's robbery conviction is a violent felony. The Sixth Circuit specifically analyzed section 39-2-501(a) in Mitchell. 743 F.3d at 1054. Mitchell decided that robbery under section 39-2-501(a) was categorically a violent felony under the use-of-force clause. Id. at 1059–60.

Sermon's four convictions for robbery with a deadly weapon are also violent felonies. Mitchell did not specifically address convictions for robbery with a deadly weapon. If, however, any robbery **without** a deadly weapon is a violent felony under the use-of-force clause, any robbery **with** a deadly weapon is as well. Cf. United States v. Bailey, 634 F. App'x 473, 476–77 (6th Cir. 2015) (discussing current Tennessee statute on aggravated robbery, which includes robbery "accomplished with a deadly weapon," and holding that aggravated robbery is categorically a violent felony under the use-of-force clause).

Because Sermon has five prior convictions that remain violent felonies after Johnson, he is not entitled to relief.

Sermon argues that under Mathis, "none of his [prior convictions] can be used to trigger the ACCA enhancement due to

28

the [divisibleness] of all of the state [statutes]." (Sermon Amendment 2.) That misreads Mathis: that a statute is divisible does not mean that violating it cannot be a violent felony. In any event, robbery under section 39-2-501(a) presents a special case. Mathis, like other Supreme Court cases addressing the ACCA, discusses what courts do when a given statute can be violated in different ways, some violent, some not.[14] Here, the Sixth Circuit has already decided that **any** section 39-2-501(a) violation is a violent felony. Sermon's reliance on Mathis is unavailing.[15]

Sermon also cites several cases for the proposition that, if a sentencing court has used the residual clause to determine that a prior conviction was a violent felony, it cannot later determine that the conviction is a violent felony under other parts of the violent-felony definition. (Sermon Amendment 5

---

[14] Specifically, Mathis addressed a defendant's conviction under an Iowa burglary statute. That statute defined burglary as unlawful entry into "any building, structure, [or] land, water, or air vehicle." Mathis, 136 S. Ct. at 2250 (quoting Iowa Code § 702.13 (2013)). The generic offense of burglary requires "unlawful entry into a 'building or other structure.'" Id. (quoting United States v. Taylor, 495 U.S. 575, 598 (1990)).

[15] Sermon's discussions of United States v. Rauda-Constantino, 643 F. App'x 461 (5th Cir. 2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), fail for the same reasons. In both cases, the statute of conviction could be violated in ways that precluded its qualification as an ACCA predicate. Given the Sixth Circuit's decision in Mitchell, that is not the case here.

(citing In re Thomas, 823 F.3d 1345 (11th Cir. 2016); Lockley v. United States, 632 F.3d 1238, 1245 (11th Cir. 2011); United States v. Foster, 496 F. App'x 1, 1–3 (11th Cir. 2012)).) None of these cases stands for the proposition cited, and the proposition itself is incorrect. A court reconsidering a violent-felony determination possibly based on the residual clause[16] may determine that the same conviction is a violent felony under other definitions, such as the use-of-force clause. See, e.g., United States v. Stevens, 651 F. App'x 445, 447–48 (6th Cir. 2016); United States v. Garrett, No. 3:09-CR-146, 2016 WL 3597429, at *1–2 (S.D. Ohio July 5, 2016).

Sermon discusses three cases purportedly supporting the contention that Sermon's "prior convictions can no longer qualify as triggers for the ACCA enhancement." (Sermon Reply 2.) Those cases do not do so.[17]

---

[16] During sentencing, the Court did not state that it relied on the residual clause when determining that Sermon was an armed career criminal. (See generally Sentencing Tr.)

[17] In Bell v. United States, the Supreme Court denied a petition for a writ of certiorari. 135 S. Ct. 2934 (2015). Nothing in the denial supports Sermon's arguments.

In United States v. Fults, the Sixth Circuit remanded a case to the district court for resentencing. 639 F. App'x 366, 367 (6th Cir. 2016). It did so because it construed the district court as having sentenced the defendant "under the residual clause." Id. at 375. Because Johnson "invalidate[d] armed career criminal enhancements based on the residual clause," resentencing was required to determine whether the defendant's

Sermon's <u>Johnson</u> challenge is DENIED.

**V.  APPEAL ISSUES**

Under 28 U.S.C. § 2253(c)(2), a district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); <u>see also</u> <u>Henley v. Bell</u>, 308 F. App'x 989,

---

convictions qualified as violent felonies under other prongs of the violent-felony definition.  <u>Id.</u>  Nothing here helps Sermon.

<u>United States v. Austin</u> is similar; again, the Sixth Circuit remanded a case for resentencing where the district court may have relied on the residual clause.  623 F. App'x 306, 307 (6th Cir. 2015).  As in <u>Fults</u>, the remand was so that the district court could "resentenc[e] in light of <u>Johnson</u>."  <u>Id.</u>  <u>Johnson</u> left intact the other prongs of the violent-felony definition, so the district court was free to consider whether the defendant's prior convictions qualified as violent felonies under those prongs.

990 (6th Cir. 2009) (per curiam).  A COA does not require a showing that the appeal will succeed.  <u>Miller-El</u>, 537 U.S. at 337; <u>Caldwell v. Lewis</u>, 414 F. App'x 809, 814–15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  <u>Bradley v. Birkett</u>, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Sermon is not entitled to relief.  He cannot present a question of some substance about which reasonable jurists could differ.  The Court DENIES a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions.  <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal <u>in forma pauperis</u> in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  <u>Id.</u> at 952.  Federal Rule of Appellate Procedure 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Federal Rule of Appellate Procedure 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, a prisoner must file his motion to proceed <u>in</u>

forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because Sermon is clearly not entitled to relief, the Court denies a COA. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[18]

**VI. CONCLUSION**

For the reasons discussed above, the First Motion for Counsel and Second Motion for Counsel are DENIED. The First Motion to Amend and Second Motion to Amend are GRANTED. The Motion for Extension of Time is GRANTED. The § 2255 Motion, including the Johnson challenge to Sermon's sentence, is DENIED.

IT IS SO ORDERED this 13th day of March, 2017.

/s/ Samuel H. Mays, Jr. _____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[18] If Sermon files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the U.S. Court of Appeals for the Sixth Circuit within 30 days.